IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-CR-96

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DEREK WILSON DRIVER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on an oral motion to dismiss ("Motion to Dismiss") made by Defendant and for the consideration of probable cause.

I. Background

On July 8, 2022, a petition was filed alleging that Defendant had violated the terms and conditions of his supervised release (the "Petition," Doc. 69). The Petition, which was submitted by United States Probation Officer Jeffrey Tomaszewski, includes the following alleged violations: 1) a new law violation for an aggravated weapons offense, 2) a new law violation for obstructing government functions, 3) a new law violation for disorderly conduct, 4) possession of a weapon, 5) unauthorized communication or interaction with a felon, and 6) violation of a drug/alcohol use condition. Violations 1 – 5 are based on information provided by Officer Cromer and Sergeant Wolfe, both of the Cherokee Indian Police Department ("CIPD").

On August 8, 2022, Defendant made an initial appearance on the

1

Petition. The Government moved for detention, and preliminary revocation and detention hearings were scheduled for August 10, 2022.

When the matter was called on August 10, 2022, Defendant made an oral motion to continue the hearings. Specifically, defense counsel indicated that while Defendant's United States Probation Officer was available, none of the CIPD officers were available at the time and that he wanted Officer Cromer, at least, to be available to testify. The Government indicated it was ready to proceed but did not wish to deprive Defendant of the chance to call the witnesses he wanted. The Court allowed Defendant's request and the hearings were rescheduled for August 15, 2022.

On August 15, 2022, the Government made its own motion to continue, stating that it had learned that video footage existed that could be significant as to probable cause. Over Defendant's objection, the Court allowed the motion, advised that no additional continuances would be granted for either party, and scheduled the hearings for August 17, 2022.

## II. Preliminary Revocation and Detention Hearings

On August 17, 2022, the Court first conducted a preliminary revocation hearing. The Government offered the Petition and called Officer Tomaszewski. His testimony regarding Violation 6 was based on his personal knowledge, while his testimony concerning Violations 1 – 5 was based on information he had received from Officer Cromer and Sgt. Wolfe.

At the conclusion of the Government's evidence, defense counsel made the Motion to Dismiss, which seeks the dismissal of Violations 1 – 5. Following argument, the Court advised that it would defer ruling on the motion and would hear any additional evidence. Officer Cromer was present in the courtroom, having received a subpoena from defense counsel, but Defendant did not call Officer Cromer or offer any evidence. The Court then heard argument from the parties on the issue of probable cause as to each alleged Violation. Defendant admitted that probable cause existed with regard to Violation 6 but maintained his objection to a finding of probable cause as to Violations 1 – 5 on the basis of the hearsay testimony from Officer Tomaszewski.

At the conclusion of the argument, the Court found that probable cause existed as to Violation 6 and took Defendant's oral Motion to Dismiss, along with the issue of probable cause as to Violations 1 – 5, under advisement.[1] This Order now follows.

### III. Discussion

#### A. Defendant's Oral Motion to Dismiss

Defendant acknowledges generally that courts may consider hearsay evidence when making probable cause determinations. See Fed. R. Evid.

---

[1] As for detention, Defendant waived his right to an immediate detention hearing and was detained pending further proceedings.

1101(d)(3). However, Defendant argues that the Court should decline to accept such evidence in this case since other evidence was available and was not presented. Specifically, Defendant contends that Officer Tomaszewski's testimony with respect to Violations 1 – 5 should be disregarded because Officer Cromer was present in the courtroom but was not called by the Government to testify.[2]

Defendants in supervised release revocation proceedings are "entitled to certain minimal due process requirements." United States v. Frazier, 26 F.3d 110, 114 (11th Cir. 1994) (citing Morrissey v. Brewer, 408 U.S. 471, 492 (1972)); see also Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973) ("a probationer, like a parolee, is entitled to a preliminary and a final revocation hearing, under the conditions specified in Morrissey v. Brewer"). Rule 32.1 of the Federal Rules of Criminal Procedure, which governs revocation proceedings, "incorporates these same minimal due process requisites." United States v. Martin, 984 F.2d 308, 310 (9th Cir. 1993); see also United States v. Ferguson, 752 F.3d 613, (4th

---

[2] In support of his argument that the Court may, but is not required to, rely on hearsay evidence (and should not here), Defendant cites to Rule 5.1 of the Rules of Criminal Procedure and particularly the notes from the 2002 amendment to that Rule. Those notes state, in part, that the sentence—"The finding of probable cause may be based upon hearsay evidence in whole or in part"—which was previously located in Rule 5.1(a), was not included in Rule 5.1(e) during the 2002 revision because "[f]ederal law is now clear on that proposition" such that "the Committee believed that the reference to hearsay was no longer necessary." However, as discussed below, Rule 32.1 applies to preliminary revocation proceedings.

Cir. 2014) (noting that the due process requirements set out in Morrissey "are formalized in the Federal Rules of Criminal Procedure").

Specifically, pursuant to Rule 32.1(b)(1), when a person is in custody for violating a condition of supervised release, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation has occurred. The court must give the person, "upon request, an opportunity to question any adverse witness, unless the judge determines that the interest of justice does not require the witness to appear." Fed. R. Crim. P. 32.1(b)(1)(B)(iii). Similarly, Rule 32.1(b)(2) provides that defendants at final revocation hearings are "entitled to 'an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear.'" Fed. R. Crim. P. 32.1(b)(2)(C).

The Fourth Circuit has found that "Rule 32.1(b)(2)(C) specifically requires that, prior to admitting hearsay evidence in a revocation hearing, the district court must balance the releasee's interest in confronting an adverse witness against any proffered good cause for denying such confrontation." United States v. Hairston, No. 20-4591, 2022 WL 2128587, at *1 (4th Cir. June 14, 2022) (citing United States v. Doswell, 670 F.3d 526, 530 (4th Cir. 2012) and United States v. Ferguson, 752 F.3d 613, 616-17 (4th Cir. 2014). At least one circuit has noted that a balancing of the parties' interests should also occur

5

in preliminary revocation hearings. See United States v. McFarland, 726 F. App'x 709, 712 (10th Cir. 2018) (citing United States v. Jones, 818 F.3d 1099 & n.5 (10th Cir. 2016)); see also Fed.R.Crim.P. 32.1 Advisory Committee Note (2002) ("Rule 32.1(b)(1)(B)(iii) and Rule 32.1(b)(2)(C) address the ability of a releasee to question adverse witnesses at the preliminary and revocation hearings. Those provisions recognize that the court should apply a balancing test at the hearing itself when considering the releasee's asserted right to cross-examine adverse witnesses. The court is to balance the person's interest in the constitutionally guaranteed right to confrontation against the government's good cause for denying it.").

The text of Rule 32.1 appears to contemplate that the balancing test will be employed when the declarant is *not* available. See e.g., United States v. Doswell, 670 F.3d 526, 531 (4th Cir. 2012) ("If hearsay evidence is reliable and the Government has offered a satisfactory explanation for not producing the adverse witness, the hearsay evidence will likely be admissible under Rule 32.1. On the other hand, hearsay evidence of questionable reliability will of course provide a far less firm basis for denying a releasee the opportunity to 'question any adverse witness'"). An initial question presented here, though, is whether balancing is required when an adverse witness *is* available but has not been called by the Government to testify.

This question may arise infrequently since, presumably, the

6

Government typically provides direct evidence from significant witnesses who are available. Nonetheless, as the Government has presented no authority indicating that balancing should occur only when a declarant is unavailable, the undersigned has employed the balancing test in determining whether to consider Officer's Tomaszewski's testimony as to Violations 1 – 5.[3]

Here, the undersigned agrees with the Government's position, noted below, that it is the Government's prerogative to determine the evidence it will present during a preliminary revocation hearing. The decision of how that evidence should be considered and weighed, however, lies with the Court, and in that regard the undersigned agrees generally with Defendant that hearsay evidence should not be accepted automatically in all cases.

In this case, Defendant had a significant interest in questioning Officer Cromer since her information in part formed the basis of Violations 1 – 5. Further, Defendant clearly expressed his wish to question Officer Cromer; when the case was called on August 10, Defendant moved for a continuance on the basis that the CIPD officers, including Officer Cromer, were not available and Defendant subsequently served Officer Cromer with a subpoena to appear at the August 17 hearing.

The Government provided no explanation as to why it did not call Officer

---

[3] Likewise, the Government has not argued that Officer Tomaszewski's testimony should not be considered as hearsay or that an exception to the hearsay rule applies.
7

Cromer and instead argued generally that it is entitled to rely on hearsay and that the decision as to how to present evidence of probable cause should be left to the Government's discretion.

The Government's decision not to call Officer Cromer—or to move to re-open the evidence in light of Defendant's Motion to Dismiss—is puzzling, given that Officer Cromer was present and had been directly involved with Defendant's alleged conduct concerning Violations 1 – 5. Similarly, the Government's lack of an explanation as to why it did not call Officer Cromer is somewhat troubling.

Yet, Defendant was not denied the opportunity to question Officer Cromer. A prior setting of the case was continued at Defendant's request, Defendant issued a subpoena to Officer Cromer to ensure her attendance on August 17, and Officer Cromer was present in court that day. In addition, Defendant has not cited any authorities finding that his right under Rule 32.1 to question Officer Cromer required the Government to call her during its case in chief. See United States v. Norton, 603 Fed. Appx 83, 86 (3d Cir. 2015) (finding under Rule 32.1(b)(2) that it was "difficult to see how any right of confrontation enjoyed by Norton was violated and, more specifically, how he was denied the 'opportunity to ... question any adverse witness'" when defendant invoked the right, the court responded that he could subpoena the witnesses, and the government had earlier stated that it would not object to an

8

Case 1:16-cr-00096-MR-WCM   Document 79   Filed 09/07/22   Page 8 of 11

adjournment but defendant subpoenaed only one witness).

With regard to the issue of reliability, Defendant argues that Officer Tomaszewski's testimony should be disregarded solely because more direct testimony—that of Officer Cromer—was available. However, information was not presented that impeached the testimony of Officer Tomaszewski or that called into question the accuracy of the underlying information he testified that he received from Officer Cromer and Sgt. Wolfe, both of whom are law enforcement officers and, apparently from the record, were acting in the course of their official duties during their interactions with Defendant. Accord United States v. Comito, 177 F.3d 1166 (9th Cir. 1999) (holding that defendant was deprived of his constitutional right of confrontation where defendant's interest in confrontation was "substantial" due to the lack of indicia of reliability as to the hearsay evidence and the Government failed to produce the adverse witness). For instance, had the video footage (that the Government referenced earlier) been presented and had that footage raised doubts as to Officer Cromer's statement of the facts surrounding Violations 1 – 5, the Court may have had reason to question the reliability of the hearsay evidence provided by Officer Tomaszewski.

In sum, though the Court would have welcomed testimony from Officer Cromer since her information presumably would have provided the Court with a more complete record upon which to consider whether probable cause existed

as to Violations 1 – 5, in these circumstances, the undersigned finds that it is appropriate to rely on Officer Tomaszewski's testimony. See United States v. Bullin, 582 Fed. Appx. 176 (4th Cir. Aug. 25, 2014) (unpubl.) (defendant's rights under Rule 32.1 and the Due Process Clause were not violated when defendant's counsel made a strategic decision not to call defendant's parole officer).

### B. Probable Cause

Whether the Government's showing is sufficient to establish probable cause as to each Violation, however, is a separate matter.

In that regard, the Court finds that there is probable cause to believe that Defendant violated the terms of his supervised release as alleged in Violations 1 – 4 but that probable cause has not been shown with respect to Violation 5. Specifically, the evidence was insufficient to indicate that Defendant knew the individual in the vehicle with Defendant on July 5, 2022 had been convicted of a felony.

**IT IS THEREFORE ORDERED THAT:**

1. Defendant's Oral Motion to Dismiss is **DENIED**.

2. Probable cause is **FOUND** with respect to Violations 1 – 4 and Violation 6.

3. Probable cause is **NOT FOUND** with respect to Violation 5 and that Violation is **DISMISSED**.

Signed: September 7, 2022

W. Carleton Metcalf
United States Magistrate Judge